IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                   Case Nos.:    4:09cr11/RH/CAS
                                                   4:12cv312/RH/CAS
CHRISTOPHER JOHNSON,[1]
Reg. No.: 12311-017

              Defendant.

_____

### REPORT AND RECOMMENDATION

        This matter is before the court upon Defendant's second amended motion to

vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  (Doc. 244).  The

Government filed a response (doc. 255) and Defendant filed a reply.  (Doc. 259).  The

case was referred to the undersigned for the issuance of all preliminary orders and any

recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc.

R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a careful review of

the record and the arguments presented, it is the opinion of the undersigned that

_____

        [1]The Bureau of Prisons website reflects that Defendant was released on November
27, 2013.  In accordance with the sentence imposed, he was to serve a four year term of
supervised release once he completed his term of incarceration.  Thus, Defendant is still
"in custody" for the purpose of this motion.  Carafas v. LaVallee, 391 U.S. 234, 237--238
(1968) (once federal jurisdiction has attached, it is not defeated by the release of the
movant prior to completion of proceedings on a motion to vacate, in part due to the
possibility of collateral consequences stemming from the challenged conviction).  The court
file still reflects Defendant's address as USP Coleman, as he has not apprised the court
of a current address.

Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255

motion should be denied.  *See* Rules Governing Section 2255 Cases 8(a) and (b).

## PROCEDURAL BACKGROUND[2]

Defendant was charged in two counts of a nine count indictment with conspiracy

to distribute and possess with intent to distribute more than 500 grams of cocaine and

more than five grams of cocaine base ("Count One") and distribution of more than five

grams of cocaine base on a date certain ("Count Nine").  Defendant was implicated in

the conspiracy after allegedly providing crack cocaine to a former law enforcement

officer, co-defendant Dondrick Eaves, who was the target of a federal investigation.

Eaves, as well as Omar Green, Paul Odom, and Darius Watkins were also charged in

this case, and each pleaded guilty.  (*See* doc. 176 at 2).  Two additional individuals

were charged in related cases and also pleaded guilty.  (*See id.*).

Defendant proceeded to trial, and a jury found him guilty on both counts,

specifically finding that the offense conduct involved five grams or more of crack

cocaine.  (Doc. 135).  One week after trial, the district court entered an order requiring

the Government to respond in writing to Defendant's motion for judgment of acquittal on

the conspiracy count, which the court had taken under advisement.  (Doc. 140).  The

Government filed a response and a supplemental response, and the motion remained

pending until sentencing.  (Docs. 147, 149, 153).

---

[2]Detailed statements of facts describing the specifics of the offense conduct are set
forth in the PSR and in the Eleventh Circuit's opinion on appeal.  (*See* docs. 176, 212), and
will be set forth herein only as necessary for resolution of Defendant's claims.

The Presentence Investigation Report ("PSR") was disclosed to the defense on December 15, 2009.  (Docs. 154, 176).   Defendant was held accountable for the 7.2 grams of cocaine based seized after the alleged drug transaction between Defendant, co-defendant Eaves and a confidential source.  (Doc. 176, PSR ¶¶16. 23).  There were no applicable adjustments, and Defendant's total offense level remained at 24.  (PSR ¶¶ 24–31).  His criminal history category was III.  (PSR ¶ 39).  The statutory mandatory minimum on both counts was five years, and the applicable guidelines range was 63 to 78 months (PSR ¶¶ 59, 60).

At sentencing, the court denied the defense motion for judgment of acquittal on Count One.  It noted that it had reviewed taped phone conversations between Defendant and other conspirators that had been presented at trial and concluded that the jury reasonably could have found that Defendant was guilty of a conspiracy to distribute drugs.  (Doc. 180 at 15).  The court observed that this case appeared to involve drug use among Defendant and friends, and that in connection with that activity, the men conspired to distribute drugs in small amounts.  (*Id.* at 16).  It also recalled the Government's comment that if there had not been law enforcement officers involved in the offense conduct, due to the small quantities of drugs at issue, this case likely would have been in state court.  (*Id.*).  The court departed slightly from the guidelines range by imposing the statutory minimum mandatory sentence of 60 months on each count to run concurrently. (Doc. 180 at 15, 16–17).

Defendant appealed, arguing that the evidence was insufficient to support his conviction.  (Doc. 212).  The Eleventh Circuit reviewed the evidence presented and

found no error in the district court's denial of Defendant's motion for judgement of acquittal and affirmed.  (*Id.*).

In the present motion, Defendant raises three grounds for relief.  He claims that (1) the evidence was insufficient to convict him on Count One; (2) the evidence was consistent with a buyer/seller agreement rather than a conspiracy, and (3) counsel was constitutionally ineffective.  The Government opposes the motion in its entirety.

## LEGAL ANALYSIS

### General Applicable Standards

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); McKay v. United States, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

A motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.  Lynn, 365 F.3d at 1234–35.  Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.  Massaro v. United States, 538 U.S. 500, 503 (2003); see also United States v. Franklin, 694 F.3d, 1, 8 (11th Cir. 2012).  In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. Strickland v. Washington, 466 U.S. 668, 686 (1984); Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.  Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013).

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688; see also Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007).  Reviewing courts are to review counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." Hammond v. Hall, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting Strickland, 466 U.S. at

689); *see also* Chandler v. United States, 218 F.3d 1305, 1315–16 (11th Cir. 2000)

(discussing presumption of reasonableness of counsel's conduct); Lancaster v.

Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not

entitled to error-free representation").  Counsel's performance must be evaluated with a

high degree of deference and without the distorting effects of hindsight.  Strickland, 466

U.S. at 689.  To show counsel's performance was unreasonable, a defendant must

establish that "no competent counsel would have taken the action that his counsel did

take."  Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations

omitted); Chandler, 218 F.3d at 1315.  When examining the performance of an

experienced trial counsel, the presumption that counsel's conduct was reasonable is

even stronger, because "[e]xperience is due some respect."  Chandler, 218 F.3d at

1316 n.18.

    With regard to the prejudice requirement, defendant must establish that, but for

counsel's deficient performance, the outcome of the proceeding would have been

different.  Strickland, 466 U.S. at 694.  For the court to focus merely on "outcome

determination," however, is insufficient; "[t]o set aside a conviction or sentence solely

because the outcome would have been different but for counsel's error may grant the

defendant a windfall to which the law does not entitle him."  Lockhart v. Fretwell, 506

U.S. 364, 369–70 (1993); Allen v. Sec'y, Fla. Dep't of Corr., 611 F.3d 740, 754 (11th

Cir. 2010).  A defendant therefore must establish "that counsel's errors were so serious

as to deprive the defendant of a fair trial, a trial whose result is reliable."  Lockhart, 506

U.S. at 369 (quoting Strickland, 466 U.S. at 687).  Or in the case of alleged sentencing

errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.  Glover v. United States, 531 U.S. 198, 203–04 (2001).  A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."  Id. at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance.  Smith v. White, 815 F.2d 1401, 1406–07 (11th Cir. 1987).  Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test.  See Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1333–34 (11th Cir. 2012); Garcia v. United States, 456 F. App'x 804, 807 (11th Cir. 2012) (citing Yeck v. Goodwin, 985 F.2d 538, 542 (11th Cir. 1993)); Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between."  Chandler, 218 F.3d at 1313.  This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted.  Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000).  "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective

assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" Dingle, 480 F.3d at 1099 (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)).  The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." United States v. Morrow, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence.  See Chandler v. McDonough, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); Hill v. Moore, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983).  A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.  Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004); Tejada, 941 F.2d at 1559; Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted).  Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.  Lynn, 365 F.3d at 1239.

Ground One

Defendant's first ground for relief is a challenge to the sufficiency of the evidence with respect to his conviction on Count One.  This is precisely the issue addressed by the Eleventh Circuit on appeal.  (Doc. 212).  After a thorough review of the evidence presented, the appellate court found this claim to be without merit.

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.  Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994).  Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.  Nyhuis, 211 F.3d at 1343 (quotation omitted).  Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.  Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").  Defendant may not relitigate his sufficiency of the evidence claim herein, and it should be denied as procedurally barred.[3]

---

[3]The court notes that even if Defendant's sentence on Count One were vacated, there would be no difference in his custodial sentence because he was sentenced to two concurrent 60 month terms of imprisonment followed by four years of supervised release on each count.

Ground Two

Defendant next claims that the evidence presented at trial was "as consistent with a buyer/seller agreement as it was a conspiracy," and asserts that the court's failure to include a buyer/seller instruction is reversible error.  A motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.  Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998);  McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011).  An issue is "'available' on direct appeal when its merits can be reviewed without further factual development."  Lynn, 365 F.3d at 1232 n. 14 (quoting Mills, 36 F.3d at 1055).  Notwithstanding the applicability of the procedural bar, a review of the record reveals that Defendant's recollection of the trial is inaccurate.  Contrary to what Defendant now suggests, the jury was instructed that a buyer/seller relationship alone was insufficient to establish proof of a conspiracy.  (Doc. 188 at 93–94).   Having been so instructed, the jury found Defendant guilty as charged.  Defendant's disagreement with the jury's verdict entitles him neither to review in this forum nor to relief.  As noted in the discussion of Ground One of the instant motion, the Eleventh Circuit found the record evidence sufficient to sustain Defendant's conviction of the conspiracy charged in Count One, and Defendant may not relitigate this issue herein.  He is not entitled to relief on this claim.

Ground Three

Defendant's final claim for relief is that court-appointed counsel was constitutionally ineffective.  The basis for this complaint was unclear in his second amended motion.  In Defendant's traverse, however, he makes several somewhat vague assertions.  First he appears to complain that counsel was ineffective because the Eleventh Circuit had to direct him to file a second Anders brief after the first brief he submitted was legally insufficient.  Defendant has not shown how he was prejudiced, as the deficiency in counsel's first Anders brief was corrected in the second brief, and the Eleventh Circuit thoroughly reviewed Defendant's claim regarding the sufficiency of the evidence.

Defendant also appears to suggest that it was constitutionally deficient for counsel to allow Defendant to proceed to trial after Defendant told counsel that he was in a conspiracy, as set forth in counsel's affidavit.  Whether innocent or guilty, a defendant may choose to proceed to trial for a variety of reasons, and it is not constitutionally deficient, per se, for an attorney to "allow" a guilty defendant to test the Government's case by going to trial.  Defendant maintained his innocence in this case throughout the proceedings, including after the jury's verdict, and there is no indication that he would have been willing to enter a plea.  (See doc. 180 at 4–5).  In any event, Defendant appears to have mis-read counsel's affidavit.  Counsel does not indicate that Defendant admitted involvement in the conspiracy involving cocaine base as charged in this case.  Rather, counsel states that Defendant was involved in a conspiracy to

possess and share powder cocaine, due to Defendant's personal use of this substance. (Doc. 255-1).

Defendant also claims that his attorney was "in unison with" the prosecutor and that counsel seemingly had been persuaded "not to put on much of a case either at trial, sentencing or on appeal."   (Doc. 259 at 8).  Although he alludes to counsel's failure to "find fresh evidence or angles or credible witnesses," Defendant has not explained what counsel could or should have done that would have altered the outcome of this case. His conclusory allegations do not establish that he is entitled to relief.  *See* Smith, 815 F.2d at 1406–07; Boyd, 697 F.3d at 1333–34; Garcia, 456 F. App'x at 807.

Conclusion

In accordance with the forgoing, the court finds that Defendant has not shown that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.  Nor has he shown that an evidentiary hearing is warranted.  Therefore Defendant's motion should be denied in its entirety.

**Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The second amended motion to vacate, set aside, or correct sentence (doc. 244) be **DENIED**.

2.  A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 14th day of November, 2014.


/s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).